UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CLARENDON AMERICA INSURANCE
COMPANY,

    Plaintiff,

v.                                                   Case No. 6:13-cv-934-Orl-22DAB

ALL BROTHERS PAINTING, INC., LION
GABLES REALTY LIMITED PARTNERSHIP
f/k/a Gables Realty Limited Partnership,
RICK PATTERSON, INC. d/b/a Statewide
Construction, Inc.,

    Defendants.

_____

## ORDER

This case comes before the Court without oral argument on Plaintiff's Motion to Strike Portions of Answer, and Affirmative Defenses of Lion Gables Realty Limited Partnership (Doc. 35). In support of the motion, Plaintiff has filed its request that the Court take judicial notice of its status as a surplus lines insurer (Doc. 40).

I. Background

Plaintiff issued a policy of insurance to Defendant All Brothers Painting, Inc. (Doc. 1, ¶ 18). Defendant Lion Gables Realty Limited Partnership is suing All Brothers in state court, alleging defective work which resulted in damage to property. (Id., ¶ 12). Plaintiff filed this lawsuit for a declaratory judgment that the insurance policy does not impose a duty on Plaintiff to defend or indemnify All Brothers in the Lion Gables case. (Doc. 1). Plaintiff asserts that the Court has diversity jurisdiction over this controversy. (Doc. 8, ¶ 6). The pending motion asks the Court to strike Lion

Gables' answers to 21 paragraphs of Plaintiff's amended complaint and all 10 of Lion Gables' affirmative defenses.  (Doc. 35).

    II. Motions to Strike

A court has the authority to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  FED.R.CIV.P. 12(f). Parties employ motions to strike "to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters."  McInerney v. Moyer Lumber & Hardware, Inc., 244 F.Supp.2d 393, 402 (E.D.Pa. 2002).

A motion to strike is a drastic remedy generally disfavored by the courts, and will ordinarily be denied unless the material sought to be stricken is insufficient as a matter of law.  Guarantee Ins. Co., v. Brand Mgmt. Service, Inc., No. 12-61670-CIV, 2013 WL 4496510, at * 2 (S.D.Fla. Aug. 22, 2013); Guididas v. Community National Bank Corp., No. 8:11-cv-2545-T-30TBM, 2013 WL 230243, at * 1 (M.D.Fla. Jan. 22, 2013); Gesell v. K-Mart Corp., No. 2:11-cv-130-FtM-36SPC, 2011 WL 3628878 * 1 (M.D.Fla. Aug. 3, 2011); Williams v. Asplundh Tree Expert Co., No. 3:05-cv-479-J-20MCR, 2006 WL 2474042, at * 2 (M.D.Fla. Aug. 25, 2006).  In Reyher v. Trans World Airlines, Inc., 881 F.Supp. 574, 576 (M.D.Fla. 1995), the court explained that it would "not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party."  Because this is a difficult standard to satisfy, "[m]otions to strike are generally disfavored by the Court and are often considered time wasters."  Somerset Pharm., Inc., v. Kimball, 168 F.R.D. 69, 71 (M.D.Fla. 1996).

When it evaluates a motion to strike, the court "must treat all well pleaded facts as admitted and cannot consider matters beyond the pleadings." Florida Software Systems v. Columbia/HCA Healthcare Corp., No. 97-2866-cv-T-17B, 1999 WL 781812 *1 (M.D.Fla. Sept. 16, 1999).

III. The Answer

In its answer to a complaint, a party must "admit or deny the allegations asserted against it by an opposing party" and "state in short and plain terms its defenses to each claim asserted against it." FED.R.CIV.P. 8(b)(1). "A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted." FED.R.CIV.P. 8(b)(3). "A party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest." FED.R.CIV.P. 8(b)(5).

The answers to Plaintiff's amended complaint which it is moving to strike each contain one of the following averments (or something substantially similar):

> Paragraph 10 of the Amended Complaint does not allege a single statement of ultimate facts to which Lion Gables may either admit or deny. Furthermore, the allegations contained in Paragraph 10 are vague and ambiguous. In an abundance of caution, denied.
>
> Paragraph 11 of the Amended Complaint does not allege a single statement of ultimate facts to which Lion Gables may either admit or deny. Admitted that Waterstreet at Celebration Condominium Association, Inc. filed suit against Lion Gables, Case No. 09-CA-1486, Circuit Court of the Ninth Judicial Circuit in and for Osceola County, Florida. In all other respects, Lion Gables is unable to frame a response, in an abundance of caution, denied.
>
> Paragraph 14 of the Amended Complaint does not allege a single statement of ultimate facts to which Lion Gables may either admit or deny. Admitted that Lion Gables and Waterstreet at Celebration

> Condominium Association, Inc. executed a settlement agreement in exchange for payment by Lion Gables. In all other respects, denied.
>
> Admitted to the extent that the terms and conditions contained in Exhibit [x] speak for themselves. Lion Gables denies any allegation or quotation that is inconsistent with the express language set forth in Exhibit [x]. In all other respects, the allegations contained in Paragraph [y] are vague and ambiguous, and Lion Gables is unable to frame a response. However, in an abundance of caution, denied. (Doc. 17, ¶¶ 9, 15).
>
> Paragraph [x] of the Amended Complaint does not allege a statement of ultimate facts to which a response if required by Lion Gables. Paragraph [x] merely quotes selected portions of the policy issued by [Plaintiff]. Lion Gables further states that the terms and conditions of Exhibit 4 speak for themselves. In all other respects, Lion Gables denies and allegation or quotation inconsistent with the express language set forth in Exhibit 4. (Doc. 17, ¶¶ 22, 44).
>
> Paragraph [x] of the Amended Complaint does not allege a statement of ultimate facts to which a response is required by Lion Gables. Paragraph [x] merely quotes or attempts to interpret selected portions of the policy issued by [Plaintiff]. Lion Gables further states that the terms and conditions of Exhibit 4 speak for themselves. In all other respects, denied. (Doc. 17, ¶¶ 24, 26, 28, 29, 32-37).
>
> Paragraph [x] of the Amended Complaint does not allege a statement of ultimate facts to which Lion Gables may either admit or deny. However, in an abundance of caution, denied. (Doc. 17, ¶¶ 25, 27, 50, 55).
>
> Paragraph [x] of the Amended Complaint is a statement of law, and thus, no response is required by Lion Gables. (Doc. 17, ¶¶ 30, 38, 47, 52 and 57).

Plaintiff argues that these answers should be stricken because it is impossible to tell whether Lion Gables is denying all of the averments in the paragraphs or if it is reading each paragraph as a whole and making a denial because some, but not all, of the allegations in the paragraph are denied. (Doc. 35, p. 2). Plaintiff also takes issue

with Lion Gables' assertion that exhibits "speak for themselves."  (Id., p. 2, 10-12).

Lion Gables maintains that it has provided a response to every averment and that if Plaintiff wants greater specificity, it should replead its complaint to assert "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). (Doc. 37, p. 4-5). Lion Gables also argues that answers which include a general denial are proper and should not be stricken. (Id., p. 4).

Rule 8(b) permits a defendant to answer the averments of a complaint in one of three ways. The party can admit the allegation; deny the allegation; or explain that it is without sufficient knowledge to admit or deny the allegation. Rule 8 does not permit a defendant to answer that an exhibit "speaks for itself," or that plaintiff has alleged a "legal conclusion."[1] State Farm Mutual Automobile Ins. Co. v. Riley, 199 F.R.D. 276, 278-79 (N.D. Ill. 2001); Rudzinski v. Metropolitan Life Ins. Co., No. 05 C 0474, 2007 WL 2973830, at * 4 (N.D. Ill. Oct. 4, 2007); Thompson v. Retirement Plan for Employees of S.C. Johnson & Sons, Inc., Nos. 07-CV-1047, 08-CV-0245, 2008 WL 5377712 * 1-2 (E.D. Wis. Dec. 22, 2008); Gomez v. United States, No. 09-22148-Civ., 2010 WL 3834211, at * 1 (S.D. Fla. Sept. 28, 2010); Do It Best Corp. v. Heinen Hardware, LLC, No. 1:13-cv-69, 2013 WL 3421924, at * 5 (N.D. Ind., July 8, 2013). Lion Gables' other answers that do not comply with Rule 8(b) are equally improper. Riley, 199 F.R.D. at 279.

The fact that Lion Gables' answers conclude with a general denial does not

---

[1] As the court in State Farm Mutual Automobile Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001) observed, "could anything be more of a legal conclusion than a plaintiff's allegation of subject matter jurisdiction, which of course, must be answered?"

Case 6:13-cv-00934-RBD-TBS  Document 45  Filed 11/04/13  Page 5 of 13 PageID 499

with Lion Gables' assertion that exhibits "speak for themselves."  (Id., p. 2, 10-12).

Lion Gables maintains that it has provided a response to every averment and that if Plaintiff wants greater specificity, it should replead its complaint to assert "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). (Doc. 37, p. 4-5). Lion Gables also argues that answers which include a general denial are proper and should not be stricken. (Id., p. 4).

Rule 8(b) permits a defendant to answer the averments of a complaint in one of three ways. The party can admit the allegation; deny the allegation; or explain that it is without sufficient knowledge to admit or deny the allegation. Rule 8 does not permit a defendant to answer that an exhibit "speaks for itself," or that plaintiff has alleged a "legal conclusion."[1] State Farm Mutual Automobile Ins. Co. v. Riley, 199 F.R.D. 276, 278-79 (N.D. Ill. 2001); Rudzinski v. Metropolitan Life Ins. Co., No. 05 C 0474, 2007 WL 2973830, at * 4 (N.D. Ill. Oct. 4, 2007); Thompson v. Retirement Plan for Employees of S.C. Johnson & Sons, Inc., Nos. 07-CV-1047, 08-CV-0245, 2008 WL 5377712 * 1-2 (E.D. Wis. Dec. 22, 2008); Gomez v. United States, No. 09-22148-Civ., 2010 WL 3834211, at * 1 (S.D. Fla. Sept. 28, 2010); Do It Best Corp. v. Heinen Hardware, LLC, No. 1:13-cv-69, 2013 WL 3421924, at * 5 (N.D. Ind., July 8, 2013). Lion Gables' other answers that do not comply with Rule 8(b) are equally improper. Riley, 199 F.R.D. at 279.

The fact that Lion Gables' answers conclude with a general denial does not

---

[1] As the court in State Farm Mutual Automobile Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001) observed, "could anything be more of a legal conclusion than a plaintiff's allegation of subject matter jurisdiction, which of course, must be answered?"

make its otherwise improper responses proper.  The surplusage is improper and, with the possible exception of paragraphs 11 and 14, the manner in which the concluding denial is made leaves the reader to guess whether Lion Gables is denying the entire paragraph because it disputes all the averments, or because it disagrees with some part of the paragraph.  Lion Gables' objectionable answers have prejudiced Plaintiff because proper answers would give Plaintiff notice of Lion Gables' position on the facts alleged in the amended complaint and potentially allow the parties to narrow the issues and the scope of discovery.

For these reasons, the Court GRANTS Plaintiff's motion and STRIKES Lion Gables' answers to paragraphs 9, 10, 15, 22, 24-30, 32-38, 44, 47, 50, 52, 55 and 57.  The Court also STRIKES the first sentence in Lion Gables' answers to paragraphs 11 and 14.  Some courts hold that upon striking a defendant's answer, the corresponding averments are deemed admitted, while other courts find that it is appropriate to grant leave to file an amended answer.  <u>Gomez</u>, 2010 WL 3834211, at 1;  <u>Thompson</u>, 2008 WL 5377712, at *4.  Plaintiff does not ask the Court to deem the allegations in the relevant paragraphs admitted, but only to require Lion Gables to properly answer them.  Now, Lion Gables has 14 days from the rendition of this Order within to amend its answers to paragraphs 9, 10, 15, 22, 24-30, 32-38, 44, 47, 50, 52, 55 and 57 of Plaintiff's amended complaint.

IV. Request for Judicial Notice

Federal Rule of Evidence 201 provides that the court can take judicial notice of adjudicative facts at any stage of the case.  "A judicially noticed fact must be one not

subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FED.R.EVID. 201(b).  The court shall take judicial notice of adjudicative facts if asked by a party and if the court is provided with the necessary information. FED.R.EVID. 201(d).  The opponent is entitled to be heard concerning the propriety of the Court taking judicial notice.  This may occur before or after the court takes judicial notice of a fact.  FED.R.EVID. 201(e).

Plaintiff has filed a copy of a page from the Florida Department of Financial Services website which shows that it was first licensed in Florida on February 13, 1998. (Doc. 40-1).  Next to "Company Type," the page describes Plaintiff as "SURPLUS LINES." (Id.).  Plaintiff has also filed a copy of the Florida Surplus Lines Service Office 2002 Annual Report, which can be found on the Florida Department of Financial Services' website. (Doc. 40-2).  The report identifies Plaintiff as the top 25th surplus lines insurer in 2002. (Id.).  Based upon these documents, Plaintiff asks the Court to take judicial notice that it was an authorized surplus lines insurer from February 13, 1998 through, including, and after March 8, 2002.  The Court takes judicial notice, based upon this uncontradicted information, that Plaintiff was a surplus lines insurer in the state of Florida during calendar year 2002 and as of October 21, 2013.  The information supplied by Plaintiff is insufficient for the Court to take judicial notice of its status at any other point in time.

V. The Affirmative Defenses

Affirmative defenses admit the averments in the complaint but avoid liability, in whole or in part, based upon new allegations showing excuse, justification or some other negating matter. Bluewater Trading LLC v. Willmar USA, Inc., No. 07-61284-CIV, 2008 WL 4179861, at * 1 (S.D.Fla. Sept. 9, 2008). A party who alleges an affirmative defense must comply with the general pleading requirements in Rule 8(b)(1)(A). Morrison v. Executive Aircraft Refinishing, Inc., 434 F.Supp.2d 1314, 1318 (S.D.Fla. 2005).

In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court enunciated a new, heightened pleading standard, abrogating the notice pleading standard stated in Conley v. Gibson, 355 U.S. 41 (1957). The Eleventh Circuit has yet to decide whether this heightened standard applies to affirmative defenses and courts within this District are divided on the question. Compare Fine's Gallery, LLC v. From Europe To You, Inc., No. 2:11-cv-220-FtM-29SPC, 2011 WL 5583334 (M.D. Fla. Nov. 16, 2011) (holding that the heightened standard does apply), with Adams v. JP Morgan Chase Bank, N.A., No. 3:11-cv-337-J-37-MCR, 2011 WL 2938467 (M.D. Fla. July 21, 2011), Ioselev v. Schilling, No. 3:10-cv-1091-J-34MCR, 2011 WL 5855342 (M.D. Fla. Nov. 22, 2011), and Great Am. Assurance Co. v. Sanchuck, LLC, No. 8:10-cv-2568-T-33AEP, 2012 WL 1656751 (M.D. Fla. May 10, 2012) (holding that the heightened standard does not apply). See also Graphic Packaging International, Inc. v. C.W. Zumbiel Co., No. 3:10-cv-891-J-37JBT, 2011 WL 4862498 (M.D. Fla. Sept. 12, 2011) (ruling without deciding

the question); Smith v. City of New Smyrna Beach, No. 6:11-cv-1110-Orl-31KRS, 2011 WL 6099547 (M.D. Fla. Dec. 7, 2011) (same).

Affirmative defenses that are insufficient as a matter of law can be stricken if they fail to meet even Conley's lenient notice pleading requirement. United Fixtures Co., Inc. v. Base Mfg., 6:08-cv-506-Orl-28GJK, 2008 WL 4550212, at * 4 (M.D.Fla. Oct. 8, 2008) (citing Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 683 (M.D. Fla. 2002)).  To comply with Rule 8, a party must provide "fair notice" of the defense and "the grounds upon which it rests." Drzik v. Haskell Co., 3:11-cv-379-J-32MCR, 2011 WL 2981565, at * 1 (M.D.Fla. July 22, 2011).  If a defense is patently frivolous, invalid as a matter of law, or if it appears that the defendant cannot successfully assert the defense under any set of facts which it could prove, the defense will be deemed insufficient and may be stricken. Florida Software Systems v. Columbia/HCA Healthcare Corp., No. 97-2866-cv-T-17B, 1999 WL 781812, at *1 (M.D.Fla. Sept. 16, 1999); Microsoft Corp., 211 F.R.D. at 683.

Lion Gables' First Affirmative Defense avers:

> As its first affirmative defense, Lion Gables alleges that [Plaintiff] failed to comply with Section 627.410, Florida Statutes, relative to Policy No. HML0001119, effective from March 8, 2002 through March 8, 2003, and attached to the Amended Complaint as Exhibit 4 (the "Policy"), because the Policy and/or its endorsements were not approved by the Office of Insurance Regulation of the Financial Services Commission.

Section 626.913(4) Florida Statutes provides that: "Except as may be specifically stated to apply to surplus lines insurers, the provisions of Chapter 627 do not apply to surplus lines insurance authorized under ss. 626.913-626.937, the

Surplus Lines Law." There is no provision in § 627.410 which makes the statute applicable to surplus lines insurers. The Court has not found that Plaintiff was a surplus lines insurer during the entire period alleged in Lion Gables' first affirmative defense. Accordingly, Plaintiff's motion to strike Lion Gables' first affirmative defense is DENIED.

Lion Gables' Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth and Ninth Affirmative Defenses aver:

> As its second affirmative defense, Lion Gables alleges that multiple occurrence coverage has been triggered sub judice, in accordance with Mid-Continent v. Basdeo, 2010 U.S. Dis. LEXIS 106069 (S.D. Fla. Sept. 8, 2010).
>
> As its third affirmative defense, Lion Gables alleges that the Policy provides coverage for Contractual Liability, namely, liability for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement, and the Policy must be construed liberally in favor of coverage by Clarendon.
>
> As its fourth affirmative defense, Lion Gables alleges that, to the extent that the definition of "property damage" is vague and unclear as contained in the Policy, the Policy must be construed liberally in favor of coverage by Clarendon in accordance with Westmoreland v. Lumbermens Mut. Cas.Co., 704 So. 2d 176, 179 (Fla. 4th DCA 1997), Hudson v. Prudential Prop. & Cas. Inc. Co., 450 So. 2d 565,568 (Fla. 2d DCA 1984) and State Farm Fire & Cas. Co. v. CTC Dev. Corp., 720 So. 2d 1072, 1076 (Fla. 1998).
>
> As its fifth affirmative defense, Lion Gables alleges that, to the extent that the definition of "insured contract" is vague and unclear as contained in the Policy, the Policy must be construed liberally in favor of coverage by [Plaintiff] in accordance with Westmoreland v. Lumbermens Mut. Cas.Co., 704 So. 2d 176, 179 (Fla. 4th DCA 1997), Hudson v. Prudential Prop. & Cas. Inc. Co., 450 So. 2d 565,568 (Fla. 2d DCA 1984) and State Farm Fire & Cas. Co. v. CTC Dev. Corp., 720 So. 2d 1072, 1076 (Fla. 1998).

> As its sixth affirmative defense, Lion Gables alleges that, to the extent that the definition of "occurrence" is vague and unclear as contained in the Policy, the Policy must be construed liberally in favor of coverage by [Plaintiff] in accordance with <u>Westmoreland v. Lumbermens Mut. Cas.Co.</u>, 704 So. 2d 176, 179 (Fla. 4th DCA 1997), <u>Hudson v. Prudential Prop. & Cas. Inc. Co.</u>, 450 So. 2d 565,568 (Fla. 2d DCA 1984) and <u>State Farm Fire & Cas. Co. v. CTC Dev. Corp.</u>, 720 So. 2d 1072, 1076 (Fla. 1998).
>
> As its seventh affirmative defense, Lion Gables alleges that, to the extent that the definition of "manifest" is vague and unclear as contained in the Policy, the Policy must be construed liberally in favor of coverage by Clarendon in accordance with <u>Westmoreland v. Lumbermens Mut. Cas.Co.</u>, 704 So. 2d 176, 179 (Fla. 4th DCA 1997), <u>Hudson v. Prudential Prop. & Cas. Inc. Co.</u>, 450 So. 2d 565,568 (Fla. 2d DCA 1984) and <u>State Farm Fire & Cas. Co. v. CTC Dev. Corp.</u>, 720 So. 2d 1072, 1076 (Fla. 1998).
>
> As its eighth affirmative defense, Lion Gables alleges that, to the extent that Plaintiff seeks to apply the definition of "manifest" as requiring this Honorable Court to interpret the coverages afforded by the Policy under Florida's manifestation theory, Lion Gables contends "manifest" should not be interpreted as the date when the damage was discovered or should be discovered, but instead, should be interpreted as the date when the damage was actually occurring, whether discovered or not, whether seen or unseen, in accordance with <u>Axis Surplus Ins. Co. v. Contravest Const. Co.</u>, 921 F.Supp.2d 1338, 1346 (M.D. Fla. 2012).
>
> As its ninth affirmative defense, Lion Gables alleges that [Plaintiff] has an affirmative duty to defend and indemnify Defendant, ALL BROTHERS PAINTING, INC., against legal action, as the allegations of the Complaint filed by Lion Gables implicate the coverages afforded by the Policy.

Plaintiff asserts that these are not true affirmative defenses.  Instead, it says they argue how the insurance policy should be construed; they are Lion Gables' interpretation of Florida law; they are simply denials of Plaintiff's claim that there is no insurance coverage; and they are bare legal conclusions.  (Doc. 35, p. 7-9).  Plaintiff

is correct that Lion Gables' affirmative defenses two through nine are not true affirmative defenses. They are more accurately described as statements of law or similar statements of Lion Gables' position that there is insurance coverage for its state court claims against All Brothers.[2] Nevertheless, all of these "affirmative defenses" relate squarely to this controversy, they give Plaintiff fair notice of Lion Gables' position, they do not confuse the issues in the case, and Plaintiff has not been prejudiced by the defenses. Therefore, while these defenses "are merely statements of law or legal conclusions as argued by Plaintiff, they still 'serve the laudable purpose of placing Plaintiff and the Court on notice of certain issues [Lion Gables] intended to assert against Plaintiff's claims.'" Dunning v. Thuyen, 8:11-cv-2340-T-33TGW, 2012 WL 882549, at * 2 (M.D.Fla. Mar. 15, 2012) (quoting Inlet Harbor Receivers, Inc. v. Fid. Nat'l Prop. & Cas. Ins. Co., 6:08-cv-346-Orl-19DAB, 2008 WL 3200691, at * 1 (M.D.Fla. Aug. 6, 2008). Accordingly, the Court does not believe it is necessary at this time to strike Lion Gables' "affirmative defenses" two through nine and Plaintiff's motion directed to these defenses is DENIED.

---

[2] Under Florida law, the interpretation of an insurance policy, including the determination and resolution of ambiguity, is a question of law for the court. Storfer v. Guarantee Trust Life Ins. Co., 666 F.3d 1277, 1279 (11th Cir. 2012); American Empire Surplus Lines Ins. Co. V. Chabad House of N. Dade, Inc., 771 F. Supp. 2d 1336, 1340 (S.D. Fla. 2011). While the Court determines the extent of coverage under an insurance policy, the trier of fact decides whether the insured's loss falls within the terms of the policy. Drisdom v. Guarantee Trust Life Ins. Co., 371 So. 2d 690 (Fla. App. 3d Dist. 1979). See also Adelberg v. Berkshire Life Ins. Co., 97 F.3d 470, 472 (11th Cir. 1996) ("Once the court has defined the relevant policy terms, any questions involving the insured's ability to fulfill those terms is a question of fact for the jury.")

In Florida, an insurance company must provide a defense if the complaint against its insured avers facts that bring the claimed injury within the policy's coverage. Trailer Bridge, Inc. v. Illinois Nat. Ins. Co., 657 F.3d 1135, 1141 (11th Cir. 2011). "The merits of the underlying suit have no bearing on the whether the duty is owed. Furthermore, any doubt about the duty to defend must be resolved in favor of the insured. Coverage is determined from examining the most recent amended pleading, not the original pleading." Id. at 1143 (internal quotations and citations omitted).

Lion Gables' Tenth Affirmative Defense avers:

> As its tenth affirmative defense, Lion Gables alleges that Clarendon has not suffered prejudice, and as such, should not be relieved of its contractual obligation to defend pursuant to the terms and conditions of the Policy.

Where a policy of insurance requires the insured to give notice as a condition precedent to maintaining a claim, the violation of that provision will not defeat coverage unless the insurer suffers substantial prejudice. <u>Mid-Continent Cas. Co. v. Basdeo</u>, 742 F. Supp. 2d 1293, 1337 (S.D. Fla. 2010). Paragraph 46 of the amended complaint alleges that All Brothers failed to give Plaintiff timely notice of the Lion Gables' claim and consequently, there is no coverage. Lion Gables' Tenth Affirmative Defense denies this averment. While this "defense" is technically not a true affirmative defense, it goes to directly to the issue of whether there is coverage for Lion Gable's claim against All Brothers. And, like defenses two through nine, it gives fair notice of Lion Gables' position, does not confuse the issues, and does not prejudice Plaintiff. Therefore, Plaintiff's motion to strike Lion Gables' Tenth Affirmative Defense is DENIED.

ORDERED in Orlando, Florida, on November 4, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel

-13-